**JUDGE OETKEN**

UNITED STATES DISTRICT COURT **12 CIV 7390**

**SOUTHERN DISTRICT OF NEW YORK**

_____X

KERWIN VASQUEZ

   Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY,

   Defendant

_____X

CIVIL ACTION   12 CIV 7390 (JPO) / ECF CASE

NO.

RECEIVED
OCT 02 2012
U.S.D.C. S.D. N.Y.
CASHIERS

## COMPLAINT

### NATURE OF ACTION

1.  The plaintiff brings this action against the defendant for injuries suffered by him while in the employ of the defendant Railroad.

### JURISDICTION

2.  This Court has subject matter jurisdiction in this case pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51.  Venue of this action in the Southern District of New York is proper because the defendant Metro North Railroad is headquartered within the District and because its violations of the FELA occurred within the District. Venue properly lies in this Court pursuant to 45 U.S.C. § 56.

### PARTIES

3.  The plaintiff is of Maspeth, New York.

4.  The defendant, Metro-North Railroad Company, is a railroad corporation duly established by law, and is headquartered in New York, New York.

1

## FACTS

5.   During all times herein mentioned, the defendant was a common carrier engaged in the business of interstate commerce, and as such, operated a railroad in such business between New York, New York, and New Haven, Connecticut.

6.  At the time the plaintiff received the injuries complained of, he was employed by the defendant Railroad as an Electrician.

7.   At the time the plaintiff received the injuries complained of, the defendant Railroad was engaged in interstate commerce and the plaintiff was employed in furtherance of said commerce.

8.  On or about October 19, 2009, the plaintiff was engaged in his duties as an Electrician at or about Grand Central Terminal, New York, New York, which terminal, yard and all other equipment and premises appurtenant thereto were owned and/or operated and/or controlled and/or maintained by the defendant corporation or its agents.

9. On or about October 19, 2009, the plaintiff was on a ladder in Grand Central Terminal reaching up and over into a very tight space among conduit pipes and ceiling to unscrew a conduit of galvanized steel with his right hand when it suddenly dropped onto his left wrist, hitting the left wrist against another conduit pipe.

## AS AND FOR A FIRST CAUSE OF ACTION

10.  The plaintiff adopts by reference and realleges each and every allegation set forth in paragraphs 1 through 9 of this Complaint with the same force and effect as if set forth under this cause of action.

11.  The defendant Railroad, its agents, managers, officers, servants, or employees were negligent in whole or in part in one or more of the following ways:

a) failing to provide a proper and safe tool to unscrew the conduit;

b) failing to instruct and/or train on a safe procedure to unscrew the conduit so it would not fall down;

c) failing to use reasonable care to provide the plaintiff with a safe place in which to work, including but not limited to furnishing him with safe an suitable tools, appliances, equipment, premises, assistance, training and procedures;

d) failing to act in a reasonably prudent manner under the facts and circumstances surrounding the accident.

12.   As a result one or more of the aforementioned negligent acts or omissions of the defendant Railroad, its agents, servants, or employees the plaintiff was injured.

13.   As a result of the failure of the defendant Railroad, its agents, servants, or employees to use reasonable care to provide the plaintiff with a safe place in which to work, including but not limited to furnishing him with safe and suitable tools, equipment, assistance, and procedures, the plaintiff was injured.

14.   As a result of the said injuries, the plaintiff has suffered and will suffer lost wages and benefits, impairment to earning capacity, medical expenses, pain and suffering, and mental anguish and disfigurement.

## AS AND FOR A SECOND CAUSE OF ACTION

15.   The plaintiff adopts by reference and realleges each and every allegation set forth in paragraphs 1 through 14 of this Complaint with the same force and effect as if set forth under this cause of action.

16.   On or about October 19, 2009, the plaintiff went to Bellevue Hospital for medical treatment for the injury to his left wrist and had it x-rayed.

17.   The plaintiff returned to Grand Central Terminal after being treated at Bellevue Hospital and was instructed by Metro North Management that he should report to work the following day and work full duty.

18.   The plaintiff followed Metro North Management's instructions and returned to work the following day in a full duty capacity from the day after the accident.

19.   The defendant Railroad, its agents, managers, officers, servants, or employees were negligent in whole or in part in one or more of the following ways:

a.   failing to follow Metro North policy and/or practice requiring an employee to report to Metro North's OHS Department following an injury for a medical evaluation of fitness to return to work and appropriate work restrictions;

b.   ordering the plaintiff to return to work the day after the accident;

c.   ordering the plaintiff to return to work the day after the accident in a full duty capacity;

d.   ordering the plaintiff to return to work in a full duty capacity the day after the accident without any medical evaluation performed by Metro-North's Occupational Health Services Department;

e.   ordering the plaintiff to return to work in a full duty capacity without reviewing his x-rays from Bellevue Hospital.

20.   As a result one or more of the aforementioned negligent acts or omissions of the defendant Railroad, its agents, servants, or employees the plaintiff aggravated the existing injury to his left wrist and/or suffered additional injuries to his left wrist.

21.  As a result of the said injuries, the plaintiff has suffered and will suffer lost wages and benefits, impairment to earning capacity, medical expenses, pain and suffering, and mental anguish and disfigurement.

WHEREFORE, in order to fairly and justly compensate the negligently injured plaintiff and thereby promote safe operating conditions on the defendant Railroad, the plaintiff demands a judgment for money damages against the defendant Railroad in addition to any further relief the Court deems just and equitable.


PLAINTIFF DEMANDS TRIAL BY JURY.



By his attorneys,



By _____
Scott E. Perry [SP3604]
CAHILL, GOETSCH & PERRY, P.C.
43 Trumbull Street
New Haven, Connecticut 06510
Tel:  (203) 777-1000
Fax:  203) 865-5904
scott@trainlaw.com